O’Neill, J.,
dissenting.
{¶ 56} I join Justice Pfeifer’s well-reasoned dissent. Hundreds of millions of dollars in public funds are being funneled into a dark hole to be disbursed without public scrutiny, and the highest court in the land is looking the other way. The Supreme Court of Ohio is the last house on the street, and passing on this case is an abdication of our duty as protectors of the Constitution.
{¶ 57} The risks presented by the court’s failure to act today are obvious, preventable, and unnecessary. They are obvious, because it is alleged that hundreds of millions of taxpayer dollars are being spent in direct violation of the Ohio Constitution. They are preventable, because as Justice Pfeifer correctly observes, the legislative scheme implemented does not foreclose a remedy — it simply means that any remedy will be messy.
*535 1851 Center for Constitutional Law and Maurice A. Thompson; and McTigue & McGinnis, L.L.C., Donald J. McTigue, Mark A. McGinnis, and J. Corey Colombo, for appellant ProgressOhio.org, Inc.
Michael J. Skindell, pro se.
Dennis E. Murray Jr., pro se.
Squire Sanders (US), L.L.P., and Aneca E. Lasley; and Organ Cole & Stock, L.L.P., and Douglas R. Cole, for appellee JobsOhio.
Michael DeWine, Attorney General, Michael J. Hendershot, Chief Deputy Solicitor, Stephen P. Carney, Deputy Solicitor, and Pearl M. Chin, Assistant Attorney General, for appellees Governor John R. Kasich, Christiane Schmenk, Timothy S. Keen, and Treasurer Josh Mandel.
Linda K. Fiely; and Kalniz, lorio & Feldstein Co., L.P.A., and Christine Reardon, urging reversal for amicus curiae Ohio Education Association.
Victoria E. Ullman, pro se, urging reversal as amicus curiae.
Black McCuskey Souers & Arbough, L.P.A., and Thomas W. Connors, urging reversal for amicus curiae American Policy Roundtable, d.b.a. Ohio Roundtable.
Shumaker, Loop & Kendrick, L.L.P., and Michael A. Snyder, urging affirmance for amici curiae Thomas Niehaus and Mark Wagoner.
Jones Day and Chad A. Readier, urging affirmance for amici curiae Jonathan H. Adler, Bradford D. Mank, Andrew S. Pollis, Michael E. Solimine, Cassandra Burke Robertson, Lee J. Strang, and Christopher J. Walker.
{¶ 58} And ultimately, those risks are unnecessary. The governor and the Ohio General Assembly may very well be right here. Maybe it is permissible to permit a private entity to spend hundreds of millions of taxpayer dollars without the annoyance of public audits and the state auditor asking an occasional question. Maybe this new-era form of governmental accountability does not violate Ohio’s Constitution. But unless we examine the issue, the people of Ohio will never have an answer to that question. It is simply shameful that the court has refused to do its job.
{¶ 59} Today’s ruling brings the triumph of form over substance to a whole new level. And although this court has once again dodged the merits of this case, I have little doubt that it will be back. When that time comes, it is likely that the economic loss and damage to public confidence will be substantial. It is never too late to do the right thing. What we are doing here is simply wrong.